1

2

3

4

5

6

7

8

9          IN THE UNITED STATES DISTRICT COURT

10             FOR THE DISTRICT OF OREGON

11                 PORTLAND DIVISION

12  STATE FARM FIRE AND CASUALTY  )
    COMPANY,                      )
13                                )
                 Plaintiff,       )
14                                )
         v.                       )
15                                )  No. CV-10-504-HU
    ARBOR VINEYARDS HOMEOWNERS    )
16  ASSOCIATION, an Oregon        )
    corporation; ARBOR VINEYARDS, )
17  LLC, an Oregon limited liabil-)
    ity company, formerly known as)
18  ARBOR OAKS, LLC; WEST HILLS   )
    DEVELOPMENT COMPANY, INC., an )
19  Oregon corporation; WALTER E. )  OPINION & ORDER
    REMMERS, an individual; and   )
20  DENNIS E. SACKOFF, an         )
    individual,                   )
21                                )
                 Defendants.      )
22  _____)

23
    Diane L. Polscer
24  Brian C. Hickman
    GORDON & POLSCER, L.L.C.
25  Suite 650
    9755 S.W. Barnes Road
26  Portland, Oregon 97225

27      Attorneys for Plaintiff

28  / / /


1 - OPINION & ORDER

Daniel E. Zimberoff
Kathleen A. Profitt
BARKER MARTIN, P.S.
319 S.W. Washington Street
Suite 420
Portland, Oregon 97204-2635

     Attorneys for Defendant Arbor Vineyards Homeowners Ass'n

Michael E. Farnell
James L. Guse
PARSONS FARNELL & GREIN, LLP
1030 S.W. Morrison Street
Portland, Oregon 97205

     Attorneys for Defendants Arbor Vineyards, LLC, West Hills
     Development Company, Remmers, and Sackoff

HUBEL, Magistrate Judge:

     Plaintiff State Farm Fire and Casualty Company brings this declaratory judgment action against defendants Arbor Vineyards Homeowners Association (HOA), Arbor Vineyards, LLC, West Hills Development Company, Inc., Walter Remmers, and Dennis Sackoff (the Arbor LLC defendants). The action concerns plaintiff's duty to indemnify defendants pursuant to an insurance policy, in a pending state court case.

     All defendants move to abate the action.[1] Plaintiff also moves to dismiss two counterclaims brought against it by the Arbor LLC defendants. All parties have consented to entry of final judgment by a Magistrate Judge in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). I grant the motion to abate and the motion to dismiss.

BACKGROUND

     The HOA and the Arbor LLC defendants are litigants in a

---

    [1] The motion was filed by the Arbor LLC defendants. In a separate September 24, 2010 filing, the HOA joined the motion to abate (docket #31).

2 - OPINION & ORDER

pending lawsuit in Washington County.  The HOA filed an Amended Complaint in that action on January 19, 2010.  In the instant case, plaintiff alleges that the underlying lawsuit involves claims by the HOA for alleged misconduct in the building, selling, and managing, prior to turnover, of 101 common wall residential units ("the Townhouses"), located in the Arbor Vineyards Planned Unit Development.[2]

In the Complaint in this case, plaintiff states that it has accepted the tender of defense of the underlying action from the Arbor LLC defendants and is currently participating in the defense subject to a reservation of rights.[3]  But, plaintiff alleges, a dispute exists between plaintiff and the Arbor LLC defendants concerning the scope and extent of plaintiff's duty to indemnify the potential insureds under the policy plaintiff issued to the HOA for the period July 23, 2003, through July 23, 2010.

Plaintiff alleges that subject to its reservation of the right to assert additional coverage defenses following resolution of the underlying lawsuit, it "limits its request for declaratory relief to issues that can be decided as a matter of law by reference only to the Policy, the Underlying Complaint and undisputed facts." Compl. at ¶ 18.  Plaintiff seeks six "legal declarations regarding its potential indemnity obligations to the potential insureds." Id. at ¶ 19.

/ / /

---

[2]  A copy of the underlying complaint is attached as Exhibit 2 to the Complaint in this case.

[3]  A copy of the insurance policy is attached as Exhibit 1 to the Complaint.

3 - OPINION & ORDER

STANDARDS

I.  Declaratory Judgment Act

The Declaratory Judgment Act permits a federal court to declare the rights of parties "to a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). A complaint seeking federal declaratory relief must first present an actual controversy within the meaning of Article III of the United States Constitution. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1222 (9th Cir 1998). The Complaint must also fulfill statutory jurisdictional prerequisites. Id. Finally,

> [i]f the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority.

Id. at 1222-23.

In determining whether entertaining the action is appropriate, the factors from Brillhart v. Excess Insurance Company of America, 316 U.S. 491 (1942), "remain the philosophic touchstone for the district court." Dizol, 133 F.3d at 1225. They are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. Id. In addition, other considerations may be relevant: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; (4)

4 - OPINION & ORDER

whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies.  Id. at 1225 n.5.

While the presence of "parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed" results in a "presumption that the entire suit should be heard in state court[,]" "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." Id. at 1225. "The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." Id.  Accordingly, nothing prevents an insurer "from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage." Id.

II.  Motion to Dismiss

On a motion to dismiss, the court must review the sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. American Family Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).  However, the court need not accept conclusory allegations as truthful.  Holden v Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic

1  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation
2  omitted). "Factual allegations must be enough to raise a right to
3  relief above the speculative level, . . . on the assumption that
4  all the allegations in the complaint are true (even if doubtful in
5  fact)[.]" Id. (citations and footnote omitted).

6      To survive a motion to dismiss, the complaint "must contain
7  sufficient factual matter, accepted as true, to state a claim to
8  relief that is plausible on its face[,]" meaning "when the
9  plaintiff pleads factual content that allows the court to draw the
10  reasonable inference that the defendant is liable for the
11  misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949
12  (2009) (internal quotation omitted). Additionally, "only a
13  complaint that states a plausible claim for relief survives a
14  motion to dismiss." Id. at 1950. The complaint must contain
15  "well-pleaded facts" which "permit the court to infer more than the
16  mere possibility of misconduct." Id.

17                            DISCUSSION
18  I.  Declaratory Judgment Act

19      The Ninth Circuit has "consistently held that a dispute
20  between an insurer and its insureds over the duties imposed by an
21  insurance contract satisfies Article III's case and controversy
22  requirement." Dizol, 133 F.3d at 1222 n.2. A case or controversy
23  is found when an insurer brings a declaratory judgment action
24  regarding its duty to defend and indemnify. See, e.g., American
25  States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994). Such
26  is the case here.

27      Statutory jurisdictional requirements are also met because
28  there is complete diversity between the parties and the amount in
6 - OPINION & ORDER

controversy is more than $75,000.  Thus, statutory jurisdiction is proper under 28 U.S.C. § 1332(a).  As to the Brillhart factors, on balance, I find that entertaining the action is appropriate.

II.  Motion to Abate

In a 2001 Findings & Recommendation, subsequently adopted by Judge Haggerty, I discussed at some length the relevant analysis under Oregon law for resolving motions to stay an action by an insurer seeking declarations about its duty to defend and/or indemnify a potential insured in an underlying action.  The Home Indemnity Co. v. Stimson Lumber Co., 229 F. Supp. 2d 1075, 1087-88 (D. Or. 2001).  I concluded that a fair reading of North Pacific Insurance Co. v. Wilson's Distributing Service, Inc., 138 Or. App. 166, 908 P.2d 827 (1995), the relevant Oregon case on the issue, indicated that there were two required questions in the stay analysis:

> (1) whether the insurer could develop facts in a declaratory judgment action, commenced before the underlying tort action is concluded, that would negate the insurer's duty to defend; and (2) does the declaratory judgment action force an insured to prematurely litigate the insured's potential liability in underlying tort claims and require the insured to take inconsistent positions?

The Home, 229 F. Supp. 2d at 1088.

In support of the motion to abate, the Arbor LLC defendants argue that as in Wilson's Distributing, this matter should be abated pending resolution of the underlying case because it is clear that the Arbor LLC defendants will be placed in an untenable, conflicted position if forced to respond substantively to plaintiff's claims.  Plaintiff acknowledges the controlling law, but notes that a concurrent coverage action is barred only if it

7 - OPINION & ORDER

would force the insured to abandon its denial of liability in the underlying lawsuit or to produce evidence tending to establish such liability.  See American States Ins. Co. v. Dastar Corp., 318 F.3d 881, 890-91 (9th Cir. 2003) (noting that the Wilson's Distributing court held that a trial court should stay a determination of the duty to indemnify prior to the resolution of the underlying case when an insurer attempts to place the insured in the conflicted position of being required to abandon its denial of liability in order to obtain coverage).

Plaintiff argues that because it seeks legal rulings only, and does not seek any factual determinations, its request for declaratory relief is expressly limited to avoid any possibility that this coverage action will require the Arbor LLC defendants to abandon their denial of underlying liability or come forward with evidence tending to establish such liability.  Thus, plaintiff argues, the Wilson's Distributing bar to adjudicating coverage actions does not prevent this action from proceeding.

Both plaintiff and the Arbor LLC defendants present arguments regarding the propriety of a stay:  plaintiff contends that if the action is abated, it will be unable to properly assess damages and liability for a global mediation conference to be held in December 2010.  The Arbor LLC defendants note that because the declaratory relief action involves only the duty to indemnify, there is no harm to plaintiff to wait until the underlying lawsuit has concluded before proceeding with this coverage action.  And, the Arbor LLC defendants continue, the detriment to them is clear because they will continue to incur fees in this action while possibly jeopardizing their defenses.

8 - OPINION & ORDER

While the parties make generalized arguments about the pros and cons of a stay, the "conflicted position" issue is a fact-intensive inquiry for each case. Thus, I start by reciting the declarations sought by plaintiff in its Complaint and discussing whether moving forward with litigation over these declarations now would force the Arbor LLC defendants to "prematurely litigate [their] potential liability in [the] underlying [action] and require [them] to take inconsistent positions."

The six declarations are as follows:

Because all claims against the potential insureds are based on conduct prior to July, 2005, no coverage is available under policy years incepting in or after July, 2005.

Because the Policy did not incept until July 23, 2003, and because coverage is limited to damages arising from occurrences during the Policy period, no coverage is available for damages arising from the potential insureds' conduct prior to July 23, 2003.

Because the potential insureds only potentially qualify as insureds in their roles as directors, officers and/or real estate managers of Association, no coverage is available for any damages arising out of the potential insureds' conduct in other roles, specifically including, but not limited to, the potential insureds' roles in designing, developing, building, marketing and selling the Townhouses.

No coverage is available to the potential insureds under Policy Option DO because:  (1) Option DO was not in effect during the time the potential insureds were directors and/or officers of the Association; (2) all coverage under that Option is barred pursuant to the Developer/Sponsor Exclusion Endorsement; and (3) there has not been a timely "occurrence" pursuant to paragraph 5(b) of Option DO.

Pursuant to the Professional Services Exclusion, no coverage is available for damages arising from the potential insureds' rendering or failure to render professional services, including but not limited to, accounting, supervisory and/or inspection services.  For example, and without any limitation, the exclusion bars coverage for all damages arising from the potential insureds' alleged failure to discover and/or disclose

9 - OPINION & ORDER

1    construction defects and associated damages as well as
2    all damages arising from the potential insureds' alleged
     mishandling of defendant Association's financial affairs.

3    Pursuant to Exclusion 14, no coverage is available for
4    loss of use damages, arising out of the potential
     insureds' improper work and/or failure to provide proper
     warnings or instructions, to portions of the Townhouses
5    that have not been physically inured.

6    Compl. at ¶ 19A, 19B, 19C, 19D, 19E, 19F.

7         Initially, a declaration regarding any "conduct" is

8    problematic.   The policy does not speak in terms of "conduct," but

9    rather, in terms of property damage and occurrences.    Thus,

10   declarations that seek a determination of "conduct" suggest that

11   the Arbor LLC defendants must bring forth facts in this case,

12   forcing them to prematurely develop facts relevant to the

13   underlying case which can put them in a conflicted position.

14        To the extent that the proposed declarations do not encompass

15   the Arbor LLC defendants' conduct, they essentially seek an

16   advisory opinion based on purely hypothetical situations.    While

17   there might be a concrete dispute between plaintiff and defendants

18   regarding the scope of the insurance policy's coverage, the

19   proposed declarations as currently structured by plaintiff to limit

20   the potential conflicts for the Arbor LLC defendants, are divorced

21   from the actual facts and thus, are abstract and advisory.

22        It is well recognized that courts do not issue advisory

23   opinions.   See, e.g., Laird v. Tatum, 408 U.S. 1, 13-14 (1972)

24   ("the federal courts established pursuant to Article III of the

25   Constitution do not render advisory opinions."); Kittel v. Thomas,

26   620 F.3d 949, 951 (9th Cir. 2010) (federal courts may not issue

27   advisory opinions).

28        Additionally, the law recognizes that questions regarding an

10 - OPINION & ORDER

insurer's duty to indemnify are based on the actual facts in the underlying litigation, not the alleged facts. See e.g., Bituminous Cas. Corp. v. Kerr Contractors, Inc., No. CV-10-78-MO, 2010 WL 2572772, at *5 (D. Or. June 22, 2010) (noting that under Oregon law, unlike the duty to defend, liability for indemnity derives from factual determinations separate from the allegations in the complaint); Ledford v. Gutoski, 319 Or. 397, 403, 877 P.2d 80, 84 (1994) ("Even when an insurer does not have a duty to defend based on the allegations in the initial complaint, the facts proved at trial on which liability is established may give rise to a duty to indemnify if the insured's conduct is covered."). Moreover, plaintiff concedes that as this case moves forward, it is likely to seek additional declarations, resulting in a piecemeal and inefficient resolution of the issues if a decision on some declarations is issued now.

On balance, litigating the requested declarations at this point either has the potential to force the Arbor LLC defendants to take conflicting positions, and is likely to result in an advisory opinion. Neither result is acceptable. Combined with the fact that plaintiff will seek additional declarations later as the underlying case develops, the better option is to stay the case pending resolution of the underlying case. Thus, I grant the motion to abate.

III. Motion to Dismiss

In their Answer, the Arbor LLC defendants bring two counterclaims against plaintiff: breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing. Plaintiff moves to dismiss the claims for failure to state a claim.

11 - OPINION & ORDER

1    In support of the fiduciary duty claim, the Arbor LLC
2  defendants contend that plaintiff's defense of the Arbor LLC
3  defendants in the underlying litigation has created a special
4  relationship between plaintiff and the Arbor LLC defendants that
5  requires an enhanced duty of care and imposes fiduciary obligations
6  on plaintiff.  Arbor LLC Defts' Answer at ¶ 28.  The Arbor LLC
7  defendants allege that contrary to plaintiff's enhanced duty of
8  care to defendants, and in violation of its fiduciary obligations
9  to defendants, plaintiff filed this suit, seeking to limit
10 coverage.  Id. at ¶ 30.

11    The Arbor LLC defendants contend that they cannot defend
12 against the issues raised by plaintiff in this case without
13 litigating the facts of the underlying dispute.  Id.  They further
14 contend that the filing of this lawsuit puts the Arbor LLC
15 defendants in the "conflicted positive" of trying legal and factual
16 matters that are at issue in the underlying litigation in violation
17 of Wilson's Distributing.  Id. at ¶ 31.  In so doing, the Arbor LLC
18 defendants allege, plaintiff has placed its own interests above
19 those of its insured.  Id.  Plaintiff allegedly knows, or should
20 know, that suing its insured is prohibited by Oregon law.  Id.
21 Plaintiff's filing of this action allegedly constitutes a breach of
22 its fiduciary obligations to the Arbor LLC defendants.  Id.

23    As for the breach of the implied covenant of good faith and
24 fair dealing claim, the Arbor LLC defendants allege that the
25 insurance policy contains an implied contractual covenant of good
26 faith and fair dealing which requires that no party do anything to
27 injure the rights of another to receive the benefits of the
28 agreement.  Id. at ¶ 34.  They contend that plaintiff breached this

12 - OPINION & ORDER

covenant by filing suit against defendants during the course of the underlying litigation seeking to limit coverage. Id. at ¶ 35. The Arbor LLC defendants contend that plaintiff's case raises overlapping legal and factual issues and they cannot defend against those issues without litigating substantially all of the facts in the underlying dispute. Id.

As with the breach of fiduciary duty claim, the Arbor LLC defendants contend that plaintiff's suit puts the Arbor LLC defendants in the conflicted legal position of trying legal and factual matters at issue in the underlying litigation, in order to prove coverage under the policy, which, the Arbor LLC defendants assert, violates the law in Wilson's Distributing. Because plaintiff has placed its own interests above those of its insured, its filing of the lawsuit allegedly violates the implied covenant of good faith and fair dealing. Id. at ¶ 36.

In support of its motion, plaintiff notes that no known case has ever held that the mere act of filing a declaratory judgment action to construe an insurance policy constitutes a breach of fiduciary duty or a breach of the implied covenant of good faith and fair dealing. Plaintiff is correct. Additionally, plaintiff correctly notes that this Court, and the Ninth Circuit, have at least implicitly recognized the insurer's right to bring a coverage action while underlying litigation is still pending. American States, 318 F.3d at 891 (noting that insurer could "litigate the indemnity issue without awaiting the resolution of the underlying action"); Allstate Ins. Co. v. DeLoretto, No. CV-07-310-AA, 2007 WL 3408135, at *2-3 (D. Or. Nov. 16, 2007) (granting summary judgment to insurer in coverage action filed while underlying litigation

13 - OPINION & ORDER

still pending); <u>Allstate Ins. Co. v. Hall</u>, No. CV-06-653-BR, 2006 WL 2519608, at *5 (D. Or. Aug. 29, 2006) (denying an insured's motion to dismiss because, among other reasons, the coverage action "will not interfere with or directly impact the underlying state-court action" and "will serve a useful purpose in clarifying the legal relations at issue").

The Arbor LLC defendants contend that their counterclaims survive the motion because they have sufficiently pleaded all the facts needed to support the claims and their allegations, taken as true, support each element of each claim. The problem, however, is that without some authority, I am unwilling to conclude that the mere fact of filing the coverage action can constitute a breach of fiduciary duty or a breach of the implied covenant of good faith and fair dealing. That is, plaintiff's filing a complaint seeking clarification of its coverage obligations while the underlying lawsuit is pending is insufficient, as a matter of law, to support the counterclaims. Thus, even accepting the allegations as true, I grant the motion to dismiss.

CONCLUSION

Defendants' motion to abate [21] is granted. Plaintiff's motion to dismiss the counterclaims [15] is granted.

IT IS SO ORDERED.

Dated this <u>18th </u> day of <u>January</u>, 2011.


/s/ Dennis J. Hubel

_____
Dennis James Hubel
United States Magistrate Judge

14 - OPINION & ORDER